```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TAYE ELLEBY,
                           Plaintiff,          ORDER OF DISMISSAL

           -against-                           14-CV-1323 (LAP)

NEW YORK POST NEWSPAPER; FRANK
ROSARIO, REPORTER; DANIEL
PRENDERGAST, REPORTER,

                           Defendants.
-----------------------------------------------------------X
```

LORETTA A. PRESKA, Chief United States District Judge:

     Plaintiff, currently incarcerated in the Robert N. Davoren Complex, brings this *pro se* action under 42 U.S.C. § 1983, alleging that reporters from the New York Post defamed him by printing false statements in the newspaper.  By order dated March 25, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*.  The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Taye Elleby brings this suit against the *New York Post* and two of its reporters—Frank Rosario and Daniel Prendergast.  Elleby alleges that articles published in the *New York Post* between May 9 and May 11, 2013, defamed him by publicly making false statements about him.  (*See* Compl. at 1-2.)

Elleby states that as a result of the false newspaper articles, which were widely disseminated, he was deprived of a fair trial in violation of his constitutional rights.  According to the public records of the New York City Department of Correction, Plaintiff was convicted in the Supreme Court of the State of New York, New York County, on December 16, 2013, and sentenced on February 5, 2014.  *See People v. Elleby*, Ind. No. 02135/2013 (N.Y. Sup. Ct. Feb. 5, 2014).  He submitted this civil rights complaint, which seeks only money damages, to the Court on February 21, 2014[1] —shortly after he was sentenced.

**DISCUSSION**

A.    Civil Rights Claims Under § 1983

A claim for relief under § 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties, thus, are not generally liable under the statute, *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982).  The New York Post is a private company—not an arm of the government. Plaintiff further alleges that Rosario and Prendergast are employed by the New York Post rather than working for any state or other government body.  (Compl. at 1.)  Accordingly, because all Defendants are private parties, and a § 1983 claim is cognizable only against a state actor, Plaintiff fails to state a claim against Defendants under § 1983.

---

[1] This action was not opened and assigned to my docket for screening under 28 U.S.C. § 1915(e)(2)(B) until March 22, 2014.

Moreover, § 1983 does not provide a claim for "violations arising solely out of state law." *Driscoll v. Townsend*, 60 F. Supp. 2d 78, 81 (S.D.N.Y. 1999). Plaintiff's allegations that Defendants defamed him are not actionable under § 1983 because Plaintiff does not allege a violation of a right protected by the United States Constitution or federal statutes. Plaintiff's § 1983 claims against the New York Post, Rosario, and Prendergast must therefore be dismissed for failure to state a claim on which relief can be granted.

B.     Challenge to Conviction

Plaintiff suggests in his complaint that the widespread dissemination of the New York Post's false article about him deprived him of his right to a fair trial in violation of his Fifth, Sixth and Fourteenth Amendment rights. (Compl. at 2.) The proper vehicle for any challenge to this conviction that Plaintiff may wish to make in federal court is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 — not a civil rights action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus" pursuant to 28 U.S.C. § 2254). Before seeking relief from a conviction in federal court, however, a state prisoner must exhaust his claims by presenting them to the state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

In this complaint, although Plaintiff makes arguments that he was convicted without a "fair trial," the only relief that he seeks is damages from the New York Post and its employees. "In the case of a damages claim, *habeas corpus* is not an appropriate or available federal remedy." *Preiser*, 411 U.S. at 507 (1973).

3

Moreover, Plaintiff filed this action only a few weeks after he was sentenced and thus he has not completed any direct appeal or otherwise fully exhausted any state court remedies.[2] Because Plaintiff seeks only damages and has not yet exhausted any challenge to his conviction by seeking review in state court, the Court declines to recharacterize this action as a *habeas* petition.[3]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's civil rights complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
LORETTA A. PRESKA
Chief United States District Judge

Dated:  April 28, 2014
        New York, New York

---

[2] In order to exhaust any issues for purpose of *habeas corpus* review, Petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70. Should that court's decision adversely affect Petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should Petitioner raise for *habeas corpus* relief any grounds raised in N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

[3] The Court advises Plaintiff, however, that under the Antiterrorism and Effective Death Penalty Act of 1996, a federal *habeas corpus* petition under § 2254 must be filed within one year from the date judgment becomes final upon conclusion of direct review by the New York Court of Appeals – or one year from the other dates specified in 28 U.S.C. § 2244(d)(1).